doubt that a voluntary payment to such an executor would be valid, and discharge a debtor. Schluter v. Bank, 117 N. Y. 125, 22 N. E. Rep. 572. See, also, Doolittle v. Lewis, 7 Johns. Ch. 45; Stone v. Scripture, 4 Lans. 186; Vroom v. Van Horne, 10 Paige, 549; Parsons v. Lyman, 20 N. Y. 112. And, if the payment be of a debt secured by mortgage, I see no reason why the extinguishment of the debt should not operate so as to discharge the mortgage. It is unnecessary to consider the question which would arise if there had been at the time of the payment an executor or administrator in this state.

The writ may issue.

HOFFMAN v. NEWELL et al.

(Superior Court of New York City, General Term. January 3, 1893.)

1. FOREIGN JUDGMENT—ENFORCEMENT.
    Though the federal constitution requires such faith and credit to be given a foreign judgment as it has in the state where rendered, a foreign judgment against a partnership will not be enforced, in the courts of this state, against one of the partners, who was not served with process, and who did not appear, even if such judgment may have a qualified validity in the state where rendered, as against such partner, in respect to his interest in the partnership property. 20 N. Y. Supp. 432, affirmed.

2. SAME—PLEADING—STRIKING OUT.
    In an action against both partners in this state on the original cause of action, an allegation in the complaint as to the rendition of the foreign judgment will be stricken out on motion of the partner not served, as such judgment, being void as to him, cannot affect his liability.

Appeal from special term.

Action by Cornelius Hoffman against Theodore Newell and Charles H. Wight for goods sold and delivered. Defendants move to strike from the complaint an allegation of the recovery of a judgment in the courts of New Jersey against the defendants on service of process against Newell alone. From an order granting the motion, plaintiff appeals. Affirmed.

For opinion of court below, see 20 N. Y. Supp. 432.

Argued before FREEDMAN and GILDERSLEEVE, JJ.

Theo. T. Baylor, (Alex. Thain, of counsel,) for appellant.

Kneeland, Stewart & Epstein, (Ira B. Stewart, of counsel,) for respondents.

PER CURIAM. The order appealed from is affirmed, with $10 costs and disbursements, on the opinion of the court below.